UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**11:10 am, Mar 31, 2021**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
      v.                       )     Cause No.  1:21-cr-102-SEB-TAB
                               )
GEORGE S. BLANKENBAKER, JR.,   )
                               )
            Defendant.         )

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and James M. Warden, Assistant United States Attorney ("the government"), and the Defendant, GEORGE S. BLANKENBAKER, JR. ("the Defendant"), in person and by counsel, Mark D. Stuaan, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms and conditions:

### Part 1:  Guilty Plea

**1.      Plea of Guilty:** The Defendant will waive indictment and plead guilty as charged to Counts 1, 2, and 3 of the Information. Counts 1 and 2 charge that the Defendant did commit the offense of wire fraud, in violation of Title 18, United States Code, Section 1343.  Count 3 charges that the Defendant did commit the offense of money laundering, in violation of Title 18, United States Code, Section 1957.

**2.      Potential Maximum Penalties**: Counts 1 and 2 of the Information are punishable by a maximum sentence of twenty (20) years' imprisonment, a $250,000.00 fine, and three (3) years' supervised release following any term of imprisonment.  Count 3 of the Information is

punishable by a maximum sentence of ten (10) years' imprisonment, a $250,000.00 fine, and three (3) years' supervised release following any term of imprisonment.

**3.** **Elements of the Offense:** To sustain the offense to which the Defendant is pleading guilty in Counts 1 and 2, the government must prove the following elements beyond a reasonable doubt:

**a.** That the Defendant knowingly devised a scheme or artifice to defraud, as described in the Information; and

**b.** That the Defendant did so with the intent to defraud; and

**c.** The scheme or artifice to defraud involved a materially false or fraudulent pretense, representation, or promise; and

**d.** That for the purpose of carrying out the scheme or attempting to do so, the Defendant caused interstate wire communications to take place in the manner charged in the Information.

To sustain the offense to which the Defendant is pleading guilty in Count 3, the government must prove the following elements beyond a reasonable doubt:

**a.** That the Defendant engaged or attempted to engage in a monetary transaction; and

**b.** That the Defendant knew the transaction involved criminally derived property; and

**c.** That the property had a value greater than $10,000; and

**d.** That the property was derived from wire fraud; and

**e.** That the transaction occurred in the United States.

## Part 2: General Provisions

**4.** **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in

2

determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (F) by pleading "Guilty", the Court may impose the same punishment as if the Defendant had plead "Not Guilty", had stood trial and been convicted by a jury.

**5.     Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

**6.     Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the government. The government agrees to not bring other criminal charges against the Defendant with respect to the circumstances surrounding the matters charged in the Information based on information currently known to the United States Attorney for the Southern District of Indiana.

**7.     No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in

3

any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

**8. Rights Under Rule 11(b), Fed.R.Crim.P.:** The Defendant understands that the government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## Part 3: Sentencing Recommendation

**9. Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

4

    **a.**    **Government's Recommendation**: The government will recommend a sentence within the advisory sentencing guidelines range consistent with the stipulations stated herein and the enhancements advocated by the government as listed in Paragraph 32.

    **b.**    **Defendant's Recommendation**: The Defendant is free to request whatever sentence he deems appropriate not inconsistent with the sentencing guidelines calculation to which he has stipulated herein.

    **10.**    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

    **11.**    **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

    **12.**    **No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal the length and conditions of the period of supervised release.

## Part 4: Monetary Provisions and Forfeiture

    **13.**    **Mandatory Special Assessment:** The Defendant will pay a total of $300.00 on the date of sentencing, or as ordered by the Court, to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

    **14.**    **Fine:** The matter of any fine is left to the discretion of the Court.

**15.**    **Restitution:**  The Defendant shall be ordered by the Court to make full restitution to the victims in this case in the amount of $1,550,025.48.

**16.**    Defendant understands that any forfeiture order entered by the Court is mandatory and is a part of Defendant's sentence.  Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), against him, imposing a forfeiture money judgment in the amount of $1,550,025.48, the total amount of proceeds of the wire fraud offenses of conviction.

**17.**    Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that is not already subject to direct forfeiture, is subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

**18.**    Defendant agrees to cooperate fully with the United States in the identification of assets that are or may be subject to forfeiture directly or as substitute assets.  Specifically, within twenty (20) days of signing this Plea Agreement, Defendant agrees to make a good-faith effort to truthfully and fully disclose to an agent to be designated by the United States:

**a.**    When and how Defendant expended, transferred, or otherwise disposed of proceeds of, or funds or property traceable to proceeds of property involved in, or traceable to property involved in his offenses of conviction; and

**b.**    All assets, however obtained, in which Defendant has an ownership interest, including any property items held in a nominee name or otherwise secreted, which Defendant reasonably believes might have a current value of $10,000 or more.

6

**19.**     Defendant agrees that, until five (5) years after sentencing, he shall not sell, transfer, borrow against, make withdrawals from, or commit waste against, or otherwise impair the value of any property item, including any real property, any financial instruments, any investment instruments, and any personal property items, in which he has an ownership interest, including any property items held in a nominee name or otherwise secreted, that Defendant reasonably believes might have a current value of $1,000 or more, without approval of the U.S. Attorney or the Court.

**20.**     Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment/Information filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment/Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

**21.**     Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives Defendant's right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

**22.**     Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture.

**23.**     This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any

restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

24.     Defendant understands that Defendant's failure to perform the obligations relating to forfeiture may void this Plea Agreement in its entirety at the discretion of the U.S. Attorney.

25.     The U.S. Attorney's Office agrees to make a non-binding recommendation to the Money Laundering and Asset Recovery Section (MLARS) of the Department of Justice that any monies obtained from the Defendant through forfeiture be applied to any restitution ordered by the Court and distributed to the victims of the offense in accordance with any restitution order entered in this case.  Defendant understands the decision to apply forfeited funds in this way is in the sole discretion of MLARS and that MLARS has not made any promises about whether it will grant this request. Defendant understands that if this request is denied, Defendant will be liable to pay restitution and forfeit property pursuant to this Plea Agreement.  Defendant understands that forfeiture and restitution are separate obligations and that the Court does not have the authority to offset them against each other.

26.     Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

27.     **Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component shall be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the Federal Bureau of Prisons, if the Defendant is incarcerated.  The Defendant will have a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of

8

the date of filing this Plea Agreement the Defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution imposed by the Court.

### Part 5: Factual Basis for Guilty Plea

**28**.     The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of additional evidence and the parties reserve the right to present additional evidence at the time of sentencing. The Defendant acknowledges and admits all of the facts and allegations charged in the Information and all of the elements of the offenses charged in the Information as delineated in paragraph 3, above. The summary of the evidence is as follows:

At all times material to this case, Defendant George S. Blankenbaker, Jr. was a resident of either Marion County or Hamilton County, Indiana, within the Southern District of Indiana, and primarily conducted his business operations from his residences.  On certain occasions he conducted business operations from offices located outside of his residences in one of these counties.

#### Count 1

In certain documents he created to solicit and attract potential investors, Defendant Blankenbaker described himself as a conductor of investments and international trade. Between May 2008 and August 2016, Blankenbaker created certain business entities and later used these

entities, which he then owned and managed, in the execution of the wire fraud scheme charged in Count 1 and as described herein. The entities so utilized were Stargrower Commercial Bridge Loan Fund 1 LLC and Stargrower Asset Management, LLC (hereinafter the Stargrower Entities).

Blankenbaker induced more than 100 individuals to invest more than ten million dollars in the Stargrower Entities. He described a "commercial bridge loan" format in which he represented to investors that the funds they invested would be used to finance the use of shipping containers of food in the "international trade of fast moving consumer products similar to what you would find in a grocery store." Blankenbaker further advised investors that, in the event the Stargrower Entities were not paid for funding the food shipments, the Entities could retain the contents of the shipping containers as collateral and sell them at a profit. Additionally, Blankenbaker advised investors that their investments would be made in a manner that would result in routine interest payments to the Stargrower Entities from the businesses into which the funds were invested and that then the Stargrower Entities would make regular periodic interest payments back to the investors. The investment funds received by the Defendant were deposited into various Stargrower Entities bank accounts which he solely controlled and as to which he was the sole signatory.

Contrary to the pretenses, representations and promises made by Blankenbaker, he did not invest the investors' money as he had described. On over 300 separate occasions between September 30, 2016 and May 16, 2019, Blankenbaker diverted the investment money he received to fund unrelated business ventures of his, to pay personal expenses, and primarily to make interest payments and return of principal payments to other Stargrower Entities investors.

For the purpose of executing his scheme, Blankenbaker caused the transfer of the financial proceeds of the scheme to be made by interstate wire communications between Indiana and other states.

As a result of Blankenbaker's scheme, 34 victim investors lost $1,439,825.48.

Count 2

In March of 2013, Blankenbaker, with others, created a business entity known as EDU Holding Trust (the Trust), which was designed to utilize investor funds to purchase life insurance policies on the secondary market at a price less than the face maturity amount of the policies. Investors in the Trust were advised by Blankenbaker in a document entitled "life settlement purchase agreement" that they were beneficiaries of the Trust and that they would be compensated by payment of their *pro rata* share of the profits realized upon the maturity of the policies, that is, upon the death of the insureds. In another document created by the Defendant, and provided to investors, he notified investors that a financial institution, the Bank of Utah, would serve as an escrow agent to receive the proceeds upon the maturity of the life insurance policies and then distribute the funds to the investors appropriately.

The insured on one of the policies purchased by the Trust died in August 2016. Accordingly, a proceeds check in an amount in excess of 2.5 million dollars was issued to the Trust on September 30, 2016 by the life insurance company on which the policy was drawn.

The check was not deposited into the Bank of Utah escrow account, but was rather deposited by Blankenbaker into an account he opened at PNC Bank on October 6, 2016 in the name of EDU Holding Esc Acct. Although some of the funds from this deposit were appropriately transferred to investors in the Trust, other were transferred by the Defendant to another account he controlled at PNC Bank in the name of one of the Stargrower Entities. These funds were used, in part, for business and personal expenses of Blankenbaker unrelated to the purposes of the Trust. These transactions occurred between November 7 and November 10, 2016 and ultimately resulted in a loss of $110,200 to an investor in the Trust. The wire transfer of these funds occurred in interstate commerce between Indiana and Pennsylvania.

11

Count 3

Blankenbaker used some of the proceeds of the wire fraud scheme charged in Count 2 for monetary transactions that constitute money laundering as defined in 18 U.S.C. § 1957 and as charged in this Count. Specifically, after some of the life insurance proceeds were deposited by the Defendant into one of his Stargrower Entity accounts at PNC Bank on November 7, 2016, he transferred $34,000 of those funds by wire into his personal account at Financial Center First Credit Union (FCFCU) located in Marion County, Indiana on November 8, 2016. Then, later on November 8, 2016, Blankenbaker used these funds in the FCFCU account to make an online credit card payment in the amount of $28,299.92. Both PNC Bank and FCFCU are financial institutions and the transfer of funds described herein was in interstate commerce.

## Part 6:  Other Conditions

**29.**    **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**30.**    **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the government may withdraw from this Plea Agreement.

**31.**    **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

12

## Part 7:  Sentencing Guideline Stipulations

32.     **Guideline Computations:**     Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the stipulations below.  The parties agree that Appendix A of the Guidelines Manual directs that U.S.S.G. § 2X1.1 is the guideline applicable to the statute of conviction and that, pursuant to that provision, U.S.S.G. § 2B1.1 is the appropriate guideline to compute the offense conduct in this case.  The parties understand and agree that these stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory Sentencing Guidelines applicable in this case.  The parties further agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  The applicable version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below:

| | |
|---|---|
| **BASE OFFENSE LEVEL:**<br>(U.S.S.G. § 2B1.1(a)(1)) | 7 |
| **LOSS OF $1,550,025.48 :**<br>(U.S.S.G. § 2B1.1(b)(1)(I)) | 16 |
| **MORE THAN 10 VICTIMS:**<br>(U.S.S.G. § 2B1.1(b)(2)(A)) | 2 |
| **CONVICTION UNDER 18 U.S.C. § 1957:**<br>(U.S.S.G. § 2S1.1(b)(2)(A) | 1 |

The government is free to advocate and the Defendant is free to oppose the following additional enhancements:

| | |
|---|---|
| **SOPHISTICATED MEANS:**<br>(U.S.S.G. § 2B1.1(b)(10)) | 2 |
| **SECURITIES LAW VIOLATION:**<br>(U.S.S.G. § 2B1.1(b)(20) | 4 |

13

**a.** **Acceptance of Responsibility:** To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept this Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The Defendant timely notified the government of Defendant's intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level, if the Defendant is eligible for such reduction. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

**b.** **Total Offense Level:** Not stipulated

### Part 8: Waiver of Right to Appeal

**33.** **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute(s). The Defendant further agrees that in the event the Court sentences the Defendant to a term of

14

imprisonment within or below the advisory sentencing guidelines range calculated by the Court, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine

   **34.** **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

   **a.** **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

   **b.** **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c. **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the Defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the Defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the Defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**35.** **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

**36.** The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**37.** The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Immigration Consequences

**38.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the

16

Defendant is pleading guilty. The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Part 11:  Statement of the Defendant

**39.**      By signing this document, the Defendant acknowledges the following:

**a.**      I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**      I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**      I have read the entire Plea Agreement and discussed it with my attorney.

**d.**      I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**      Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or

17

suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**     I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12:  Certificate of Counsel

**40.** By signing this document, the Defendant's attorney and counselor certifies as follows:

**a.** I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

**b.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.** The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

**d.** In my opinion, the Defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

19

e.      In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Part 13:  Final Provision

41.     **Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

31 MAR 21
DATE

James M. Warden
Assistant United States Attorney

31 MAR 21
DATE

Steven D. DeBrota
Deputy Chief, Major Frauds, Public
Integrity and Child Exploitation Unit

03/16/2021
DATE

George S. Blankenbaker, Jr.
Defendant

03.17.2020
DATE

Mark D. Stuaan
Counsel for Defendant

20